| | |
|---|---|
| **DIANA REYNOLDS** and **SANDRA HIGH**, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **CHW GROUP, INC.**, d/b/a Choice Home Warranty, a New Jersey corporation | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Diana Reynolds ("Reynolds") and Sandra High ("High" and together with Reynolds, "Plaintiffs") bring this Class Action Complaint against Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("Choice Home Warranty" or "Defendant") to: (1) stop its practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express consent, (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior express consent to receive them, or who revoked such consent, (3) stop Defendant from calling consumers who are registered on the National Do Not Call Registry, and (4) obtain redress for all persons injured by its conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### PARTIES

1.      Plaintiff Reynolds is a natural person and resident of the State of Illinois. Plaintiff

Reynolds resides in Hazelcrest, Illinois.

2.      Plaintiff High is a natural person and resident of the State of Oregon. Plaintiff
High resides in Condon, Oregon.

3.      Defendant Choice Home Warranty is a corporation incorporated and existing
under the laws of the State of New Jersey. Its principal office address is 1090 King Georges Post
Rd, Edison, New Jersey 08837. Choice Home Warranty does business throughout the United
States, including in the State of Illinois and in this District. [1]

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, a
federal statute. This Court has supplemental jurisdiction over Plaintiffs' state law claims
pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' TCPA claims, for
which this Court has original jurisdiction, that they form part of the same case or controversy.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this
District because Defendant regularly conducts business in this District,[2] and a substantial part of
the events giving rise to the claims asserted herein occurred in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant
conducts a significant amount of business within this District and markets to this District,[3] and

---

[1] Defendant has a subsidiary or affiliate in Illinois, Home Warranty Administrator of Illinois, Inc.
*See* http://www.choicehomewarranty.com/user_agreement.php ("In Illinois, the company
obligated under this Agreement is Home Warranty Administrator of Illinois.")
[2] *Id.*
[3] *See e.g.* http://www.choicehomewarranty.com/user_agreement.php (Choice Home Warranty's
Terms of Service, specifically noting that they do business in Illinois);
https://www.ilgande.com/ProductsAndServices/HomeWarranty.aspx (Sales partnership with
Illinois Gas & Electric in this District); http://www.nbcchicago.com/investigations/Home-

because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is further proper in this District because Plaintiff Reynolds resides in this District.

**COMMON ALLEGATIONS OF FACT**

7.     Defendant Choice Home Warranty offers appliance service contracts that purport to protect homeowners against high repair and replacement costs.

8.     Unfortunately for consumers, Defendant Choice Home Warranty casts its marketing net too wide. That is, in an attempt to promote Choice Home Warranty's business and services, Defendant conducted (and continue to conduct) a wide-scale telemarketing campaign that features the making of repeated unsolicited autodialed telephone calls to consumers' cellular telephones—including cellular telephones and numbers that appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), the Illinois Restricted Call Registry Act, 815 Ill. Comp. Stat. § 402/50 *et seq.* ("Illinois DNC Law"), and the Oregon Unlawful Trade Practices Act ("Oregon UTPA"), Or. Rev. Stat. § 646.605 *et seq.*

9.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

10.     Yet in violation of this rule, Choice Home Warranty fails to obtain any prior express consent (oral or written) to make the pre-recorded calls described herein to cellular

---

Warranty-Business-Accused-of-Not-Paying-Up-234666501.html (NBC 5 news story on problems with Defendant experienced by resident in this District).

telephone numbers.

11. Consumer complaints about Choice Home Warranty's invasive and repetitive calls are legion. As a sample, consumers have complained as follows:

- "Choice home warranty. They won't stop calling even though I've asked repeatedly."[4]

- "I've asked them repeatedly to stop calling me. I've added them to the auto rejection list."[5]

- "some home warranty robo call"[6]

- "rang once then hung up I told them to stop calling . I keep blocking numbers they call from."[7]

- "I was looking for an appliance warranty online and got sucked in by these jacka$$es promise of a free quote online. Stupidly entered my phone number... received NO quote online, but did receive daily and some times 4-5 times daily phone calls. I have answered on numerous occasions, told them I'm not interested so I finally just blocked them."[8]

- "Got one this morning and have been getting them every other day; no message left. Called it from a different number and they answered as 'choice home warranty.'"[9]

- "It was from a home warrant service - Choice .....I have asked a few time

---

[4] https://www.shouldianswer.com/phone-number/8008144345
[5] *Id.*
[6] http://800notes.com/Phone.aspx/1-800-814-4345
[7] *Id.*
[8] *Id.*
[9] http://800notes.com/Phone.aspx/1-732-374-3396

to be removed from the list ....I asked again today!"[10]

12.     In placing the calls that form the basis of this Complaint, Defendant Choice Home Warranty, or its affiliated entities, utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Choice Home Warranty has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Choice Home Warranty's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).[11]

13.     Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

14.     To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the National Do Not Call Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

15.     There are numerous third party services that will additionally scrub the call lists for a telemarketer to segment out landline and cellular telephone numbers, since the consent

---

[10] *Id.*

[11] It is without argument that Defendant uses an ATDS. *See* https://www.choicehomewarranty.com/quote-start.php ("By entering my information and clicking "Get Quote" I am providing express consent to be contacted by via email, phone and text, including my wireless phone number, regarding product and servicing information using automated technology.")

standards differ depending on what type of phone a telemarketer is calling.[12] Indeed, one service notes that they can:

> Instantly verify whether a specific phone number is wireless or wireline to learn if TCPA regulations apply – and verify the identity of the current subscriber to determine if they are the same party who provided you with consent.[13]

16.     When placing these calls to consumers, Choice Home Warranty failed to get the prior express consent of cellular telephone owners/users as required by the TCPA, Illinois DNC Law, and Oregon UTPA to make such calls.

17.     Furthermore, Defendant calls these consumers who have no "established business relationship" with Defendant and who are registered on the National Do Not Call Registry.

18.     Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

19.     Defendant knowingly made (and continues to make) telemarketing calls to cellular telephones without the prior express consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and other members of the putative Classes but also intentionally and repeatedly violated the TCPA, Illinois DNC Law, and Oregon UTPA.

20.     By making the autodialed telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls intentionally interfered with the Plaintiffs and the other Class members use and enjoyment of their cellular telephones, including

---

[12] *See e.g.* http://www.dncsolution.com/do-not-call.asp; http://www.donotcallprotection.com/do-not-call-compliance-solutions-1; http://www.mindwav.com/tcpa_compliance_solution.asp;
[13] https://www.neustar.biz/services/tcpa-compliance

the related data, software, and hardware components.

21.     The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs file the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, Illinois DNC Law, and Oregon UTPA, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF DIANA REYNOLDS

22.     On March 15, 2007, Plaintiff Reynolds registered her cellular telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on her cellular telephone.

23.     Early in March 2016, Plaintiff Reynolds visited Defendant's website http://choicehomewarranty.com in order to request an online quote for a warranty. She did not purchase the warranty through the website, or at all.

24.     Shortly after requesting the online quote, Plaintiff Reynolds received an autodialed call on her cellular telephone from 888-531-5403. When Plaintiff Reynolds answered the call, there was silence on the other end of the line for a moment, a hallmark sign that Defendant was and is using an ATDS.

25.     After the moment of silence, Plaintiff Reynolds heard background noise and then Defendant's call center agent began to speak. Plaintiff Reynolds told the agent that she was no longer interested in getting a warranty from Choice Home Warranty and the call ended.

26.     Despite indicating that she was not interested in getting a warranty from Choice Home Warranty, Plaintiff Reynolds received another call at the end of March 2016 from 888-

531-5403.

27.     In April of 2016, Plaintiff Reynolds received another autodialed call from Defendant, this time using phone number 800-814-4345. At this time, Plaintiff Reynolds specifically asked Defendant's call center agent to remove her from Defendant's calling lists.

28.     Despite having made at least two explicit requests for Defendant to stop calling her cellular telephone, Plaintiff Reynolds received several additional calls on her cellular telephone from 800-814-4345:



29.     Throughout July and August 2016, Plaintiff Reynolds also received at least half a dozen additional calls from Defendant using phone number 732-374-3396:



30. Plaintiff Reynolds does not have a relationship with Defendant and repeatedly and explicitly revoked any consent she may have previously given for Defendant to contact her.

31. Defendant at all times is and was aware that the above-described autodialed telephone calls were and are being made to consumers like Plaintiff Reynolds who had not consented to receive them.

32. By making unauthorized autodialed calls to consumer's cellular telephones as alleged herein, Choice Home Warranty has caused consumers actual harm. In the present case, a consumer could be subjected to many unsolicited autodialed telephone calls as Choice Home Warranty's opt-out mechanism does not work.

## FACTS SPECIFIC TO PLAINTIFF SANDRA HIGH

33. On January 20, 2006, Plaintiff High registered her cellular telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on her cellular telephone.

34. After Plaintiff High registered her cellular telephone number on the National Do Not Call Registry, Choice Home Warranty, either directly, or through its affiliates and agents, made a series of unsolicited telemarketing calls, beginning in February 2016, to Plaintiff High on her cellular telephone using an ATDS.

35. At the beginning of February, 2016 Plaintiff High received an auto-dialed call on her cellular telephone from Defendant. When Plaintiff High answered the call, there was a pause before Defendant's call center agent began to speak, a hallmark sign that Defendant was and is using an ATDS.

36. The call center agent identified the company as Choice Home Warranty and explained that they were calling to sell Plaintiff High their services. The call center agent told

Plaintiff High that she had previously contacted them. Plaintiff High stated that she had never inquired about their services and asked the call center agent for Defendant to stop calling her.

37.     Despite her request for the calls to stop, Plaintiff High received four additional autodialed calls on her cellular telephone. When she was connected to Defendant's operators, Plaintiff High informed the caller: (1) that she was not interested in Defendant's products or services, (2) that she had never given Defendant permission to call her, (3) that she was listed on the National Do Not Call Registry and (4) that Defendant was not to call her again.

38.     Ignoring Plaintiff High's requests for the calls to stop, Defendant placed additional calls throughout February and March of 2016 using different phone numbers, sometimes calling as often as three times in a single day. Plaintiff High answered many of these calls, only to hear silence on the other end of the line before the call would abruptly end, hallmark signs that Defendant was and is using an ATDS. Plaintiff High would then attempt to block the specific number that Defendant had called. The Defendant repeatedly switched the number that they were calling from, to avoid Plaintiff High and other class members' attempts to block Defendant's calls.

39.     Below is a screenshot showing some of the numbers that Defendant utilized when placing autodialed calls to Plaintiff High's cellular telephone:



40.     Plaintiff High does not have a relationship with Choice Home Warranty, has never provided her telephone number directly to Defendant, and has never requested that Choice Home Warranty place calls to her or offer its services. Simply put, Plaintiff High has never provided any form of prior express written consent to Defendant to place calls to her and has no business relationship with Defendant.

41.     Defendant at all times is and was aware that the above-described autodialed telephone calls were and are being made to consumers like Plaintiff High who had not consented to receive them.

42.     By making unauthorized autodialed calls to consumer's cellular telephones as alleged herein, Choice Home Warranty has caused consumers actual harm. In the present case, a consumer could be subjected to many unsolicited autodialed telephone calls as Choice Home Warranty's opt-out mechanism does not work.

CLASS ACTION ALLEGATIONS

43.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiffs High and Reynolds bring this action on behalf of themselves and the eight classes defined as follows:

> **<u>Autodialed No Consent Class</u>**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called; (2) on the person's cellular telephone number using an ATDS; (3) for the purpose of selling Defendant's products and services; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

> **<u>Do Not Call Registry Class</u>**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in

the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

**Autodialed Stop Call Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone number using an ATDS, and (3) for the purpose of selling Defendant's products and services, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

**Stop Call DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's telephone number, (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the purpose of selling Defendant's products and services (5) at least thirty (30) days after the person informed Defendant (or a third person acting on behalf of Defendant) that s/he no longer wished to receive calls from Defendant (or a third person acting on behalf of Defendant).

**Illinois Do Not Call Registry Class:** All persons in Illinois who from one year prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called on his/her telephone; (2) where the telephone number had been listed on the National Do Not Call Registry for at least forty five days; (3) for the purpose of selling Defendant's goods and services; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

**Illinois Stop Call Class:** All persons in Illinois who from one year prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's telephone number, and (3) for the purpose of selling Defendant's products and services, (4) at least thirty (30) days after the person informed Defendant (or a third person acting on behalf of Defendant) that s/he no longer wished to receive calls from Defendant (or a third person acting on behalf of Defendant).

**Oregon Do Not Call Registry Class:** All persons in Oregon who from one year prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called on his/her telephone; (2) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) for the purpose of selling Defendant's goods and services; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

**Oregon Stop Call Class:** All persons in Oregon who from one year prior to the filing of the initial complaint in this action to the present: (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's telephone number, and (3) for the purpose of selling Defendant's products and services, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

44.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the class definition following appropriate discovery.

45.     **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

a.      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

b.      Whether the Defendant violated the provisions of 815 Ill. Comp. Stat. §

402 *et seq.*;

c.      Whether the Defendant violated the provisions of Or. Rev. Stat. §§

646.563 and 646.569;

d.      Whether Defendant systematically made telephone calls to individuals

who did not previously provide Defendant and/or its agents with their prior

express consent to receive such phone calls;

e.      Whether Defendant made the calls with the use of an ATDS;

f.      Whether Defendant systematically made telephone calls to consumers

whose telephone numbers were registered with the National Do Not Call

Registry;

g.      Whether the Plaintiffs and the other members of the Class are entitled to

statutory damages; and

h.      Whether Defendant acted willfully so as to require an award of treble or

punitive damages.

47.     **Typicality**: Plaintiffs' claims are typical of the claims of the other members of the

Classes. Plaintiffs and the Classes sustained damages as a result of Defendant's uniform

wrongful conduct during transactions with Plaintiffs and the Classes.

48.     **Fair and Adequate Representation**: Plaintiffs will fairly and adequately

represent and protect the interests of the Classes, and have retained counsel competent and

experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the

Classes, and Defendant has no defenses unique to Plaintiffs.

49.     **Policies Generally Applicable to the Classes**: This class action is appropriate for

certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiffs.

50.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227** *et seq.*
**(On behalf of Plaintiff High and the Autodialed No Consent Class)**

51.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

52.     Defendant Choice Home Warranty, made unsolicited and unwanted autodialed telephone calls to cellular telephone numbers belonging to Plaintiff High and other members of the Autodialed No Consent Class without first obtaining prior express consent to receive such calls in an effort to sell its products and services.

53.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, en masse.

54.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's ATDS disseminated information en masse to Plaintiff High and other consumers.

55.     By making the unsolicited telephone calls to Plaintiff High and the Autodialed No Consent Class members' cellular telephones without their prior express consent, and by utilizing an ATDS to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

56.     As a result of Defendant's unlawful conduct, Plaintiff High and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

57.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff High and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff High and the Do Not Call Registry Class)

58.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

59.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

60.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[14]

---

[14] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

62. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request

18

not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

63.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff High and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

64.     Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel regarding any do not call list, and by failing to record and honor do not call requests.

65.     Defendant made more than one unsolicited telephone call to Plaintiff High and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff High and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

66.     Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff High and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

67.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff High and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on

behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff High and the Do Not Call Registry Class suffered actual damages and, under 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

68.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiffs High and Reynolds and the Autodialed Stop Call Class)**

69.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

70.     Defendant Choice Home Warranty, made autodialed telephone calls to cellular telephone numbers belonging to Plaintiffs and other members of the Autodialed Stop Call Class without first obtaining prior express consent to receive such calls.

71.     Choice Home Warranty made the autodialed telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

72.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's ATDS disseminated information *en masse* to Plaintiffs and other consumers.

73.     By making the unsolicited telephone calls to Plaintiffs and the Autodialed Stop Call Class members' cellular telephones without their prior express consent, and by utilizing an

automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. §
227(b)(1)(A)(iii).

74.     Plaintiffs and other members of the Autodialed Stop Call Class expressly
requested that Defendant no longer place calls to them, after which Defendant failed to place
Plaintiffs and other members of the Autodialed Stop Call Class on Defendant's internal do-not-
call list (or failed to do so within a reasonable time period).

75.     More than thirty days following Plaintiffs' and the members of the Autodialed
Stop Call Class' express requests to not receive calls from Defendant, Defendant placed
additional calls to them without their consent and in contradiction of their requests not to be
called.

76.     Defendant violated 47 C.F.R. § 64.1200 (d) by initiating calls for telemarketing
purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Autodialed
Stop Call Class, without instituting procedures that comply with the regulatory minimum
standards for maintaining a list of persons who request not to receive telemarketing calls from
them.

77.     As a result of Defendant's unlawful conduct, Plaintiffs and the members of the
Autodialed Stop Call Class are each entitled a minimum of Five Hundred Dollars ($500.00) in
damages for each such violation of the TCPA.

78.     To the extent Defendant's misconduct is determined to be willful and knowing,
the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages
recoverable by the members of the Autodialed Stop Call Class.

<h1 style="text-align:center"><u>FOURTH CAUSE OF ACTION</u></h1>

**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiffs High and Reynolds and the Stop Call DNC Registry Class)**

79.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

80.     Plaintiffs High and Reynolds and other members of the Stop Call DNC Registry Class expressly requested that Defendant no longer place calls to them, after which Defendant failed to place Plaintiffs and other members of the Stop Call DNC Registry Class on Defendant's internal do-not-call list (or failed to do so within a reasonable time period).

81.     More than thirty days following Plaintiffs' and the other members of the Stop Call DNC Registry Class' express requests to not receive calls from Defendant, Defendant placed additional calls to them without their consent and in contradiction of their requests not to be called.

82.     Defendant violated 47 C.F.R. § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Stop Call DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

83.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Stop Call DNC Registry Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs and the Stop Call Registry DNC Class suffered actual damages, an invasion of their privacy, and, under 47 U.S.C. § 227(c), are each entitled to, *inter alia*, up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

84.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Stop Call Registry DNC Class.

### FIFTH CAUSE OF ACTION
**Violation of 815 Ill. Comp. Stat. § 402 *et seq*.**
**(On behalf of Plaintiff Reynolds and the Illinois Do Not Call Registry Class)**

85.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

86.     Plaintiff Reynolds and the Illinois Do Not Call Registry Class members are "residential subscribers" within the meaning of 815 Ill. Comp. Stat. § 402/5(a).

87.     The calls placed by Defendant to Plaintiff Reynolds and the Illinois Do Not Call Registry Class advertised Defendant's goods and services and are "telephone solicitations" within the meaning of 815 Ill. Comp. Stat. § 402/5(e).

88.     Plaintiff Reynolds and the Illinois Do Not Call Registry Class members registered their telephone numbers on a "registry" within the meaning of 815 Ill. Comp. Stat. § 402/20(a).

89.     Plaintiff Reynolds and the other members of the Illinois Do Not Call Registry Class never gave prior express consent, invitation or permission to receive calls from Defendant, or revoked any such consent that was previously given.

90.     Defendant thus made or caused to be made unsolicited telephone solicitations to Plaintiff Reynolds and the Illinois Do Not Call Registry Class, in violation of 815 Ill. Comp. Stat. § 402/10.

91.     Pursuant to 815 Ill. Comp. Stat. § 402/50, Plaintiff Reynolds and the Illinois Do Not Call Registry Class members suffered ascertainable loss of money or property as a result of Defendant's acts or practices, and bring this action to recover actual and statutory damages.

92.     As a result of Defendant's conduct, Plaintiff Reynolds and the other members of

the Illinois Do Not Call Registry Class are each entitled to, under 815 Ill. Comp. Stat. § 402/50,

actual damages and statutory damages of $500 for each such violation of the act.

## SIXTH CAUSE OF ACTION
**Violation of 815 Ill. Comp. Stat. § 402 *et seq*.**
**(On behalf of Plaintiff Reynolds and the Illinois Stop Call Class)**

93.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

94.     Plaintiff Reynolds and the Illinois Stop Call Class members are "residential

subscribers" within the meaning of 815 Ill. Comp. Stat. § 402/5(a).

95.     The calls placed by Defendant to Plaintiff Reynolds and the Illinois Stop Call

Class members advertised Defendant's goods and services and are "telephone solicitations"

within the meaning of 815 Ill. Comp. Stat. § 402/5(e).

96.     Plaintiff Reynolds and the other members of the Illinois Stop Call Class never

gave prior express consent, invitation or permission to receive calls from Defendant, or revoked

any such consent that was previously given.

97.     Defendant thus made or caused to be made unsolicited telephone solicitations to

Plaintiff Reynolds and the Illinois Stop Call Class, in violation of 815 Ill. Comp. Stat. § 402/5(b)

and (c), after Plaintiff Reynolds and the Illinois Stop Call Class expressly requested that

Defendant no longer place calls to them.

98.     Pursuant to 815 Ill. Comp. Stat. § 402/50, Plaintiff Reynolds and the Illinois Stop

Call Class members suffered ascertainable loss of money or property as a result of Defendant's

acts or practices, and bring this action to recover actual and statutory damages.

99.     As a result of Defendant's conduct, Plaintiff Reynolds and the other members of the Illinois Stop Call Class are each entitled to, under 815 Ill. Comp. Stat. § 402/50, actual damages and statutory damages of $500 for each such violation of the act.

## SEVENTH CAUSE OF ACTION
### Violation of Or. Rev. Stat. § 646.569(1) *et seq*.
### (On behalf of Plaintiff High and the Oregon Do Not Call Registry Class)

100.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

101.     Plaintiff High and the Oregon Do Not Call Registry Class members are "parties" within the meaning of Or. Rev. Stat. § 646.567(3).

102.     The calls placed by Defendant to Plaintiff High and the Oregon Do Not Call Registry Class advertised Defendant's goods and services and are "telephone solicitations" within the meaning of Or. Rev. Stat. § 646.567(5).

103.     Plaintiff High and the Oregon Do Not Call Registry Class members registered their telephone numbers on a "do not call registry" within the meaning of Or. Rev. Stat. § 646.572(b).

104.     Plaintiff High and the other members of the Oregon Do Not Call Registry Class never gave prior express consent, invitation or permission to receive calls from Defendant, or revoked any such consent that was previously given.

105.     Defendant thus made or caused to be made unsolicited telephone solicitations to Plaintiff High and the Oregon Do Not Call Registry Class, in violation of Or. Rev. Stat. § 646.569(1).

106.     Defendant's violations of Or. Rev. Stat. § 646.569 are deemed unlawful practices under Or. Rev. Stat. § 646.608(ff).

107.     Plaintiff High and the Oregon Do Not Call Registry Class members suffered ascertainable loss of money or property as a result of Defendant's acts or practices, and bring this action to recover actual and statutory damages.

108.     Pursuant to Or. Rev. Stat. § 646.638(8)(a) Plaintiff High and the Oregon Do Not Call Registry Class may recover actual damages or statutory damages of $200, whichever is greater.

109.     Pursuant to Or. Rev. Stat. § 646.638(8)(b) the Court may award Plaintiff High and the Oregon Do Not Call Registry Class punitive damages.

110.     Pursuant to Or. Rev. Stat. § 646.638(8)(c) Plaintiff High and the Oregon Do Not Call Registry Class are entitled to injunctive and such other equitable relief as this Court deems reasonable and just.

**EIGHTH CAUSE OF ACTION**
**Violation of Or. Rev. Stat. § 646.563 *et seq*.**
**(On behalf of Plaintiff High and the Oregon Stop Call Class)**

111.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

112.     Plaintiff High and the Oregon Stop Call Class members are "parties" within the meaning of Or. Rev. Stat. § 646.561(2).

113.     The calls placed by Defendant to Plaintiff High and the Oregon Stop Call Class advertised Defendant's goods and services and are "telephone solicitations" within the meaning of Or. Rev. Stat. § 646.561(3).

114.     Plaintiff High and the other members of the Oregon Stop Call Class expressly requested that Defendant no longer place calls to them, after which Defendant failed to place High and the other members of the Oregon Stop Call Class on Defendant's internal do-not-call list (or failed to do so within a reasonable time period).

115. Defendant thus made or caused to be made unsolicited telephone solicitations to Plaintiff High and the Oregon Stop Call Class, in violation of Or. Rev. Stat. § 646.563.

116. Defendant's violations of Or. Rev. Stat. § 646.563 are deemed unlawful practices under Or. Rev. Stat. § 646.608(jj).

117. Plaintiff High and the Oregon Stop Call Class members suffered ascertainable loss of money or property as a result of Defendant's acts or practices, and bring this action to recover actual and statutory damages.

118. Pursuant to Or. Rev. Stat. § 646.638(8)(a) Plaintiff High and the Oregon Stop Call Class may recover actual damages or statutory damages of $200, whichever is greater.

119. Pursuant to Or. Rev. Stat. § 646.638(8)(b) the Court may award Plaintiff High and the Oregon Stop Call Class punitive damages.

120. Pursuant to Or. Rev. Stat. § 646.638(8)(c) Plaintiff High and the Oregon Stop Call Class are entitled to injunctive and such other equitable relief as this Court deems reasonable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs DIANA REYNOLDS and SANDRA HIGH, on behalf of themselves and the Classes, pray for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiffs Diana Reynolds and Sandra High as the representative of the Classes and appointing their counsel as Class Counsel;

2. An award of actual and statutory damages to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

3.      An order declaring that Defendant's actions, as set out above, violate the TCPA, the Illinois DNC Law, and the Oregon UTPA;

4.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA, the Illinois DNC Law, and the Oregon UTPA;

5.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6.      An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7.      An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Classes;

8.      An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9.      An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA, the Illinois DNC Law, and the Oregon UTPA;

10.     An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

11.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

12.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

                                        **DIANA REYNOLDS** and **SANDRA HIGH**,
                                        individually and on behalf of all others similarly
                                        situated,

Dated: January 10, 2017                 By: /s/ Stefan Coleman

                                        One of Plaintiff's Attorneys

                                        Stefan Coleman
                                        (Law@Stefancoleman.com)
                                        Adam T. Savett*
                                        (Adam@Stefancoleman.com)
                                        Law Offices of Stefan Coleman, P.A.
                                        201 S. Biscayne Blvd, 28th Floor
                                        Miami, FL 33131
                                        Telephone: (877) 333-9427
                                        Facsimile: (888) 498-8946

                                        *Counsel for Plaintiff and the Putative Classes*

                                        *Motion for admission to be filed*