**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANA REYNOLDS and SANDRA HIGH, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-00170 |
| *Plaintiffs*, | JOINT INITIAL STATUS REPORT PURSUANT TO FED. R. CIV. P. 26(f) |
| v. | |
| CHW GROUP, INC., d/b/a/ Choice Home Warranty, a New Jersey corporation, | |
| *Defendant*. | |

**JOINT INITIAL STATUS REPORT**

The Parties, having met and conferred in accordance with Federal Rule of Civil

Procedure 26(f) hereby submit the following Initial Status Report:

1. **The Nature of the Case**

    a. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

        i. *For Plaintiffs*

            1. Stefan Coleman, law@stefancoleman.com, Law Offices of Stefan Coleman, P.A., 201 South Biscayne Boulevard, 28th floor, Miami, Florida 33131. Telephone: 877-333-9427; Facsimile: 888-498-8946.

            2. Adam Savett, adam@stefancoleman.com, Law Offices of Stefan Coleman, P.A., 201 South Biscayne Boulevard, 28th floor, Miami,

Florida 33131. Telephone: 877-333-9427; Facsimile: 888-498-

8946.

    ii.  *For Defendant*

        1.  Andrew J. Urgenson
(*Pro Hac Vice / Lead Attorney*)
Oved & Oved LLP
andrew@ovedlaw.com
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2376
Fax: 212.226.7555

        2.  John M. Dickman
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
john.dickman@ogletree.com
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Tel: 312.558.1255
Fax: 312.807.3619

**b. Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

    i.  *Plaintiffs*

        1.  Plaintiffs allege that Defendant caused solicitation calls to be placed to them and other persons without prior express written consent as required under 47 U.S.C. § 227, *et seq.* ("TCPA").

        2.  Plaintiff Reynolds alleges that Defendant caused solicitation calls to be placed to her and other persons without prior express consent as required under 815 Ill. Comp. Stat. § 402/5(b) and (c).

        3.  Plaintiff Reynolds further alleges that Defendant caused solicitation calls to be placed to her and other persons without prior express consent as required under 815 Ill. Comp. Stat. § 402/10.

4. Plaintiff High alleges that Defendant caused solicitation calls to be placed to them and other persons without prior express consent as required under Or. Rev. Stat. § 646.569(1), *et seq.*

5. Plaintiff High further alleges that Defendant caused solicitation calls to be placed to them and other persons without prior express consent as required under Or. Rev. Stat. § 646.563 *et seq.*

    ii. *Defendant*

1. Defendant asserts no counterclaims or third-party claims at this time. To the extent discovery warrants, Defendant reserves the right to assert such claims later.

**c. Briefly identify the major legal and factual issues in the case.**

    i. Whether this matter should be stayed pending the D.C. Circuit Court of Appeals' decision in *ACA International v. Federal Communications Commission*, No. 15-1211 (D.C. Cir. 2015), which will address, *inter alia*, the FCC's determination as to what constitutes an Automated Telephone Dialing System ("ATDS") and a "consent revocation" within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

    ii. Whether Plaintiffs can certify a class of similarly situated people.

    iii. Whether Defendant called Plaintiffs.

    iv. Whether Defendant utilized ATDS to call Plaintiffs.

    v. Whether Defendant utilized ATDS to call Plaintiffs without prior written consent.

    vi.  Whether Plaintiffs revoked their consent, if any, to be called by Defendant.

    vii.  If Plaintiffs revoked consent, if any, to be called by Defendant, whether Defendant called Plaintiffs thereafter and/or had legally sufficient policy in place to avoid making future calls to Plaintiffs.

**d. State the relief sought by any of the Parties.**

    i.  *Plaintiffs*

        1.  Plaintiffs seek certification of a class, $500 - $1,500 in statutory damages per call, and appropriate injunctive and declaratory relief requiring Defendant to cease making autodialed calls without express consent.

    ii.  *Defendant*

        1.  Defendant does not claim any damages at this time aside from the unnecessary attorneys' fees and costs that Defendant has had to incur in the defense of this action. To the extent discovery warrants, Defendant reserves the right to seek damages.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the Plaintiffs' claim(s).**

    **a. Identify all federal statutes on which federal question jurisdiction is based.**

        i.  Plaintiff relies on 28 U.S.C. § 1331 for subject matter jurisdiction.

          Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute.

    **b. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

         i.   Plaintiff relies on 28 U.S.C. § 1367 for supplemental jurisdiction over Plaintiffs' Illinois and Oregon state law claim on the basis that such claims are so related to Plaintiffs' TCPA claims, for which this Court has original jurisdiction, that they form part of the same case or controversy.

         ii.  **(1) State whether /why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

            1.  Plaintiffs assert that the jurisdictional requirement is met because they are before the Court with a federal claim, the TCPA.

         iii.  **(2) Identify the state of citizenship or each named party.  For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be defined.**

            1.  Plaintiff Reynolds is a citizen of Illinois.

            2.  Plaintiff High is a citizen of Oregon.

            3.  Defendant is a citizen of New Jersey.

3. **Status of Service: Identify any defendants that have not been served.**

    a.  None.  The sole Defendant was served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.  Do <u>NOT</u> report whether individual parties have so consented.**

    a.  The Parties have not agreed to proceed before a United States Magistrate Judge.

5. **Motions:**

    a.  **Briefly describe any pending motions.**

        i.  None at this time.

    b.  **State whether the Defendant anticipate responding to the complaint by filing an answer or by means of motion.**

      i.  Defendant has answered the Complaint.

**6. Status of Settlement Discussions:**

    **a. Indicate whether any settlement discussions have occurred;**

      i.  The Parties have not yet engaged in settlement discussions but may begin such discussions during an early stage of this case.

    **b. Describe the status of any settlement discussions; and**

      i.  The Parties have not yet engaged in settlement discussions but may begin such discussions during an early stage of this case.

    **c. Whether the parties request a settlement conference.**

      i.  The Parties do not request a settlement conference at this time.

Respectfully submitted by both Parties on April 18, 2017.

## CERTIFICATE OF SERVICE

I, Stefan Coleman, an attorney, hereby certify that on April 18, 2017, I served the above and foregoing *Joint Initial Status Report Pursuant to Fed. R. Civ. P. 26(f)*, by causing a true and accurate copy of such paper to be filed and transmitted to counsel of record via the Court's CM/ECF electronic filing system.